## UNITED STATES DISTRICT COURT

For the

US District of Massachusetts

MICHAEL COGLEY,

    Plaintiff,

vs.

TOWN OF BOXFORD ET AL, IN ITS OFFICIAL CAPACITY; MATTHEW COOGAN, IN HIS INDIVIDUAL CAPACITY

    Defendant(s)

Case No. _____

DEMAND FOR JURY TRIAL: NO

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF 42 U.S.C. § 1983

### PROCEDURAL AND SUBSTANTIVE DUE PROCESS

INTRODUCTION

1. This action arises from Defendants' refusal to provide Plaintiff Michael Cogley with the administrative appeal guaranteed by Massachusetts law following the issuance of a municipal animal restraint order. Plaintiff brings this action under 42 U.S.C. § 1983 to vindicate his procedural and substantive due process rights under the Fourteenth Amendment.

2. Plaintiff is an individual diagnosed with Post-Traumatic Stress Disorder ("PTSD"), a disability that substantially limits major life activities. In connection with his disability, Plaintiff relies on animals within his home and on his private property to mitigate symptoms, maintain safety, and function independently. These animals perform disability-related tasks in private settings and are integral to Plaintiff's daily life.

3. The challenged restraint order regulates Plaintiff's animals even while on Plaintiff's private property, carries severe penalties, and forecloses Plaintiff's ability to safely use his home and land. Massachusetts law provides a right to appeal such an order. Defendants refused to accept, docket, or schedule Plaintiff's timely appeal, depriving him of a meaningful opportunity to be heard.

4. While this action is not brought to adjudicate the applicability of the Americans with Disabilities Act ("ADA") to Plaintiff's animals, the denial of process has foreseeable and significant downstream effects on Plaintiff's disability-related rights, including his ability to train, condition, and prepare animals for public-facing disability-related tasks. These consequences underscore the gravity of the due process violations alleged.

5. The relief sought does not depend on a determination of the animals' present classification under federal disability statutes, but on Defendants' constitutional obligation to provide procedural safeguards before taking action that foreseeably interferes with disability-related supports, including animals used for mitigation, assistance, or training.

6. Plaintiff seeks declaratory and injunctive relief requiring Defendants to accept and process his statutory appeal and to provide that appeal in a manner consistent with constitutional due process.

## JURISDICTION AND VENUE

7. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the Constitution and laws of the United States, including 42 U.S.C. § 1983.

8. Venue is proper in this District under 28 U.S.C. § 1391 because the events giving rise to this action occurred within the District of Massachusetts.

## PARTIES

9. Plaintiff Michael Cogley is a resident of Boxford, Massachusetts.

10. Defendant Town of Boxford is a municipal entity responsible for governance, administration, and enforcement of municipal procedures.

11. Defendant Matthew Coogan is the Town Administrator for the Town of Boxford and is sued in his individual capacity. At all relevant times, Defendant Coogan exercised authority over the intake and processing of administrative appeals and refused to accept Plaintiff's appeal without lawful justification.

## STATEMENT OF FACTS

### A. PLAINTIFF'S DISABILITY-RELATED INTERESTS AND RELIANCE ON ANIMALS IN PRIVATE SPACE

12. Plaintiff has PTSD and experiences symptoms including panic attacks, hypervigilance, and sleep disturbance.

13. Plaintiff relies on two animals, Gunner (age four) and Bleu (age five), both Australian Shepherds, in connection with his disability.

14. Within Plaintiff's home and on his private property, these animals perform disability-related functions that mitigate PTSD symptoms, assist with emotional regulation, provide safety monitoring, and interrupt traumatic episodes.

15. These functions are inherently private in nature and do not implicate public-access standards.

16. Plaintiff further intended to continue and expand the animals' training and conditioning so they could safely perform additional disability-related tasks, including tasks applicable in public-facing environments.

17. Defendants were aware of Plaintiff's disability and his reliance on the animals for disability-related purposes.

## B. MUNICIPAL ACTIONS AFFECTING PLAINTIFF'S PROPERTY AND ABILITY TO IMPLEMENT SAFEGUARDS

18. Plaintiff owns and resides on a two-acre property in Boxford, Massachusetts.

19. Due to a longstanding dispute with a neighboring property owner, Plaintiff sought to install a professionally designed underground electric fence to safely contain the animals on his property.

20. Installation of such a fence would allow the animals to safely utilize the full property, reduce the risk of public exposure, and permit continued training and conditioning.

21. Plaintiff sought mandatory approval from the Boxford Conservation Commission for installation of the fence, an activity treated as a regulated area disturbance under quasi-judicial enforcement of the Clean Water Act and Massachusetts stormwater management regulations.

22. The Commission declined to conduct a formal vote or provide a definitive decision.

23. Plaintiff subsequently submitted a written request to the Boxford Select Board seeking reconsideration and accommodation in light of his disability-related needs.

24. The Select Board failed to meaningfully consider Plaintiff's request.

## C. ISSUANCE OF THE RESTRAINT ORDER REGULATING PRIVATE PROPERTY

25. On November 7, 2024, a regional animal control officer issued a restraint order pursuant to M.G.L. c. 140 § 157 classifying Plaintiff's animals as "nuisance or dangerous."

26. The restraint order applies at all times, including while the animals are on Plaintiff's private property, and states that the restraint *"when on your property, Gunner and Bleu must be unable to leave the property, this restraint shall be enforced for the lifetime of your dogs."*

27. The order effectively prevents the animals from performing disability-related functions within Plaintiff's home and property.

28. The officer stated that the order could be extinguished upon installation of an electric fence, a measure Plaintiff had already been attempting to pursue through municipal channels.

29. Plaintiff denies the allegations underlying the restraint order. The animals have never bitten or physically harmed any person.

30. The restraint order carries severe penalties, including substantial fines and the potential for euthanasia under Massachusetts law.

**D. DENIAL OF THE STATUTORY ADMINISTRATIVE APPEAL**

31. The restraint order expressly states that Plaintiff has the right to *"You have the right to file an appeal in writing to the Boxford Select Board within 10 days of receipt of this letter."*

32. Plaintiff timely submitted a written appeal on November 12, 2024.

33. Defendant Coogan refused to accept, docket, or schedule the appeal, stating that it was not his responsibility.

34. Plaintiff attempted multiple methods of submission, including delivery to Town Hall, the Police Department, the Town Clerk, and individual Select Board members.

35. Despite these efforts, Defendants failed to process or schedule the appeal.

36. Plaintiff has now been denied access to the statutory appeal process for over fourteen months.

37. No further administrative remedies are available to Plaintiff.

### E. ONGOING HARM AND FORESEEABLE DISABILITY-RELATED CONSEQUENCES

38. Plaintiff is the primary caregiver for his elderly mother, who suffers from Alzheimer's disease and resides with him.

39. Caregivers and medical staff regularly enter the home. The classification of Plaintiff's animals as "nuisance or dangerous" has caused fear among caregivers and interfered with household operations.

40. Plaintiff fears that inadvertent noncompliance with the restraint order could result in catastrophic penalties against the animals.

41. Plaintiff is unable to safely use his home and property and experiences intensified PTSD symptoms as a result.

42. The denial of any appeal process prevented Plaintiff from seeking modification, safeguards, timelines, or conditions that would mitigate these harms.

### CIVIL RIGHTS IMPLICATIONS AND CONTEXT

43. This action does not require Plaintiff to prove the specific tasks his animals perform, nor does it seek a determination of ADA service-animal status.

44. Federal disability law does not require certification, registration, or task disclosure as a prerequisite to protection.

45. Animals used for disability-related purposes, including service animals, emotional support animals, and animals in training, occupy different legal categories depending on context.

46. Municipal action that forecloses the ability to train, condition, or prepare animals for future disability-related tasks has foreseeable effects on an individual's ability to access public accommodations and participate in civic life.

47. By regulating conduct within Plaintiff's private space and denying any procedural mechanism to contest or modify that regulation, Defendants ensured that disability-related consequences would manifest downstream.

48. These cascading effects underscore why procedural safeguards matter and why denial of process in this context constitutes a serious civil rights violation.

## **CLAIM FOR RELIEF**

## **COUNT I – VIOLATION OF 42 U.S.C. § 1983 — PROCEDURAL AND SUBSTANTIVE DUE PROCESS**

49. Plaintiff realleges all preceding paragraphs.

50. Plaintiff possesses protected liberty and property interests, including the right to notice and a meaningful opportunity to be heard before being subjected to severe and ongoing restraints.

51. Defendants deprived Plaintiff of those interests by refusing to accept, docket, or schedule his statutory appeal.

52. The deprivation was arbitrary, unauthorized, and without legitimate governmental justification.

53. Defendants' actions violated procedural due process.

54. By substantially interfering with Plaintiff's ability to live independently, use his property, rely on disability-related supports, and avoid severe penalties, Defendants also violated substantive due process.

## **PRAYER FOR RELIEF**

55. Plaintiff respectfully requests that this Court:

   A. Declare that Defendants violated Plaintiff's procedural and substantive due process rights;

   B. Order Defendants to accept, docket, and schedule Plaintiff's administrative appeal forthwith;

   C. Enjoin Defendants from enforcing the restraint order absent provision of due process;

   D. Grant such other relief as the Court deems just and proper.

## CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

1. is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

2. is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law;

3. the factual contentions have evidentiary support or, if specifically, so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and

4. the complaint otherwise complies with the requirements of Rule 11.

## FOR PARTIES WITHOUT AN ATTORNEY

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1/30/2026

Signature of Plaintiff: _[signature]_

Printed Name of Plaintiff: Michael Copley

Copleymike@gmail.com

9